IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR W. CARSON § | |
| TDCJ-CID No. 517349, § | |
|     Petitioner, § | |
| v. § | CIVIL ACTION NO. 3-08-cv-0099-K |
| § | ECF |
| § | "Referred to the U.S. Magistrate Judge" |
| § | (Irma Ramirez) |
| NATHANIEL QUARTERMAN, § | |
| Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent.[1] § | |

RESPONDENT QUARTERMAN'S ANSWER WITH BRIEF IN SUPPORT

Petitioner Arthur W. Carson ("Carson") challenges the denial of his parole through a petition for writ of habeas corpus under 28 U.S.C. §§ 2241 and 2254 (West 2007). The petition should be dismissed, because Carson's federal writ petition is successive and procedurally defaulted or, in the alternative, his claims are not cognizable, and conclusory.

JURISDICTION

The Director believes the Court does not have jurisdiction because this is a successive petition. See Part I, infra. However, in the event that this petition is not successive, the Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2241 and § 2254. Jurisdiction is proper in either the district where the person is in custody or the district in which the state court convicted and sentenced him. Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000) (quoting § 2241(d)). In

---

[1] For purposes of clarity, Nathaniel Quarterman will be referred to as "the Director."

this case, jurisdiction is based on Carson's conviction and sentence in 2nd Criminal District Court, located in Dallas County within the Northern District of Texas, Dallas Division.  See 28 U.S.C. § 124 (West 2007).

## GENERAL DENIAL

The Director denies each allegation of fact made by Carson, except those supported by the record and those specifically admitted herein.

## STATEMENT OF THE CASE

The Director has lawful custody of Carson pursuant to a judgment and sentence of the 2nd Criminal District Court of Dallas County, Texas, in cause number F88-84596-L1, styled The State of Texas v. Arthur Wayne Carson.  Ex parte Carson, Application No. 8,774-09, at 12 (judgment and sentence for attempted murder).  In that case, Carson was sentenced to 20 years imprisonment on July 6, 1989.  Id.  An appellate and procedural history of Carson's conviction is not necessary for the disposition of the instant case, because the validity of Carson's holding conviction is not directly in issue.  Petition at 7, 7A-7C.  Rather, Carson challenges the denial of release on parole.  Id.

The Board of Pardons and Paroles ("the Board") most recently denied his parole on May 31, 2007.  Exhibit B.  Carson raised two of his claims in the instant petition in his 22nd state application for writ of habeas corpus, filed on July 23, 2007.  Ex parte Carson, No. 8,774-22, at 2.  That application was dismissed without written order on March 12, 2008.  Ex parte Carson, No. 8,774-22, at "action taken" cover sheet.

This is the second of two federal petitions Carson has filed with this court.  He filed his first petition on November 15, 2006, alleging that the Board improperly classified him as a gang member and improperly used that as a reason to deny his parole.  Carson v. Quarterman, Civil Action No. 3:06cv2123, docket entry no.1.  Carson

then filed the instant action on January 9, 2008.[2]  Petition at 9.

## STATE COURT AND ADMINISTRATIVE RECORDS

Copies of Petitioner's state records were previously filed with this Court on March 5, 2008 under separate cover letter.  A copy of the state court records will not be forwarded to Petitioner.[3] Attached hereto as "Exhibit A" is Carson's commitment inquiry sheet , with attached explanations, providing information regarding his holding convictions.

Also attached hereto as "Exhibit B" is a copy of the minutes from the Board documenting Carson's review dates.  The minutes were kept on a legal-length sheet, so the copy is two pages with the first page being the top section of the minutes record and the second page being the bottom section of the minutes record.

## PETITIONER'S ALLEGATIONS

The Director understands Carson to present the following allegations concerning his denial of his parole:

   1.  The state habeas court's delay frustrated his exhaustion process.

   2.  The Board improperly denied his due process rights by not providing a parole review hearing or interview.

   3.  The Board is making him serve a disproportionate amount of time because of his race.

---

[2]  See Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (for purposes of determining the applicability of the AEDPA, a federal petition is filed on the date it is placed in the prison mail system).  Thus, the instant petition could not have been "filed" sooner than January 9, 2008, the date Petitioner placed it in the prison mail. See Petition at 9 (although Carson writes "January 9, 2007" in his petition, the Director regards this as a mere clerical error based on its inconsistency with other dates relating to Carson's petition).

[3] An indigent inmate is not entitled to receive a free copy of his trial records for habeas corpus purposes. See United States v. MacCollom, 426 U.S. 317 (1976); Smith v. Beto, 472 F.2d 164, 165 (5th Cir. 1973).

Petition at 7, 7A-7C.

## ANSWER WITH BRIEF IN SUPPORT

I. Carson's Petition Should Be Dismissed as Successive.

Carson filed his federal writ of habeas corpus on January 9, 2008. Petition at 9. Consequently, the petition is subject to review under the amendments to the habeas corpus statutes, the Antiterrorism and Effect Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997). Therefore, the AEDPA's provisions regarding second or successive petitions apply. Felker v. Turpin, 518 U.S. 651 (1996); In re West, 119 F.3d 295 (5th Cir. 1997); In re Sylvester Tolliver, 97 F.3d 89 (5th Cir. 1996). The applicable amendments concerning second or successive federal habeas petitions provide:

> (b)(1) A claim presented in a second or successive application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have

found the applicant guilty of the underlying offense.

(3) (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

28 U.S.C. § 2244(b) (2007).

Carson raised claims challenging a denial of his parole in a previous petition. Carson v. Quarterman, Civil Action No. 3:06cv2123, docket entry no.1. That petition was eventually denied and dismissed on May 3, 2007. Id., docket entry no. 16. Carson does not admit to having filed the first federal petition. Petition at 8, 9.

Carson has not informed this Court of his previous petition and has failed to

obtain permission from the Fifth Circuit to pursue a subsequent federal petition. Carson must receive permission from "a three-judge panel of the court of appeals" in order for the instant petition to be properly before this court. 28 U.S.C. §§ 2244(b)(3)(A)-(E). The Director's records do not reflect Carson has received such permission. Moreover, Carson has not attached proof of receiving such permission. For these reasons, this Court lacks jurisdiction to address the merits of this petition.

II.     Carson's Claims Are Unexhausted and Procedurally Barred.

Carson alleges three claims having to do with the denial of his parole. Petition at 7, 7A-7C. However, Carson did not properly exhaust these claims and they are now procedurally defaulted. Therefore, Carson has not met the exhaustion requirements of 28 U.S.C. § 2254(b) and (c), which read in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-- (A) the applicant has exhausted the remedies available in the courts of the State; . . .
>
> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (West 2007).

Carson must have first provided to the highest court of the state a fair opportunity to apply (1) the controlling federal constitutional principles to (2) the same factual claims, before a federal court will entertain the alleged errors. Duncan v. Henry, 513 U.S. 364, 365-366 (1995); Picard v. Connor, 404 U.S. 270, 275, 277-78 (1971); Anderson v. Harless, 459 U.S. 4, 6 (1982); Rose v. Lundy, 455 U.S. 509, 510

(1982). The exhaustion doctrine, codified at 28 U.S.C. § 2254(b) and (c), is based on principles of comity between the state and federal judicial systems and "reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" Castille v. Peoples, 489 U.S. 346, 349 (1989) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). This Court and the Fifth Circuit Court of Appeals have consistently adhered to this doctrine. See, e.g. , Rose, 455 U.S. at 509; Picard v. Connor, 404 U.S. 270, 275 (1971); Bufalino v. Reno, 613 F.2d 568, 569 (5th Cir. 1980). In order to satisfy the exhaustion requirement, Carson must have not only presented his claim to the highest state court, but he must have presented it in a procedurally correct manner. Castille, 489 U.S. at 351. In other words, a habeas applicant must give the state courts a fair opportunity to review his claims in a procedural context in which the state courts will be certain to review his claims solely on their merits. Id.  Furthermore, exhaustion is mandatory, "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 739, 741 n.6 (2001). Thus, the exhaustion requirement extends  to habeas corpus claims concerning denial of parole. See Serio v. Members of Louisiana State Board of Pardons, 821 F.2d 1112, 119 (5th Cir. 1987) (claim challenging denial of parole requires exhaustion of state remedies.).

The Court of Criminal Appeals is the highest court in Texas to which a prisoner may challenge his conviction. TEX. CODE CRIM. PROC. ANN., art. 4.04 § 2 (West 2006); TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2006). The exceptions to the requirement that state remedies be exhausted apply only in "extraordinary circumstances." D.C.P. Farms v. Yeutter, 957 F.2d 1183, 1188 (5th Cir. 1992). "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Hessbrook v.

7

Lennon, 777 F.2d 999, 1003 (5th Cir. 1985) (emphasis added). However, a federal habeas petitioner bears the burden of demonstrating the futility of pursuing available remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). In the Fifth Circuit, the position is "that the exhaustion requirement has consistently been construed in favor of giving the state the first opportunity to correct any alleged constitutional errors." Joyner v. King, 786 F.2d 1317, 1320 (5th Cir. 1986); Brown v. Estelle, 701 F.2d 494, 495 (5th Cir. 1983). Thus, the state courts must be given an opportunity to consider the same factual grounds under the identical legal theories before Carson is permitted to bring his constitutional claims to this court.

Carson did not include his claims in a procedurally correct manner in his state application, and he never presented his first claim in state court at all. Ex parte Carson, No. 8,774-22, at 2-12. Although he included his other two claims in his 22nd state application, he presented his claims in a subsequent petition, so they could not be considered on their merits. Id. That application was dismissed without written order, presumably because his application was subsequent. Id. at "action taken" sheet; see also id. at 18-19 (state's response, arguing application was subsequent), 25 (district court order recommending application be dismissed as subsequent). Because Carson present his claims in such a way that they would not be considered on their merits, his claims were not fairly presented in state court and are unexhausted. See Castille v. Peoples, 489 U.S. 346, 351 (1989)(stating "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered [by the state court] unless there are special and important reasons therefor, [r]aising the claim in such a fashion does not, for the relevant purpose, constitute 'fair presentation'") (internal quotations and citations omitted).

In addition to this claim being unexhausted, it is also procedurally barred from

8

review. Carson already filed for a state writ challenging his parole denial, therefore any attempt to file for another state writ challenging the circumstances surrounding the same would result in a citation for abuse of the state writ by the Texas Court of Criminal Appeals. Ex parte Carson, No. 8,774-22, at 2-12; See Ex parte Whiteside, 12 S.W.2d 819, 821-22 (Tex. Crim. App. 2000). It is well-settled that citation for abuse of the writ by the Court of Criminal Appeals constitutes a procedural default that bars federal habeas review of the merits of a habeas petitioner's claims. Nobles v. Johnson, 127 F.3d 409, 422 (5th Cir. 1997); Fearance v. Scott, 56 F.3d 633 (5th Cir. 1995). The Fifth Circuit has noted that the Texas Court of Criminal Appeals applies its abuse of the writ rules regularly and strictly. Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995).

The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. In such cases, the federal procedural default doctrine precludes federal habeas corpus review. Id.; see Nobles, 127 F.3d at 423 (finding unexhausted claim, which would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred); see also Emery v. Johnson, 139 F.3d 191, 196 (5th Cir. 1997). Accordingly, Carson's claim should be dismissed as unexhausted and procedurally barred.

To overcome this procedural bar, Carson must demonstrate either cause and

9

prejudice, or that a failure to address the claim will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991). "Cause is defined as 'something external to the petitioner, something that cannot fairly be attributed to him' that impedes his efforts to comply with the [state] procedural rule." Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996) (citing Coleman, 501 U.S. at 753). "Cause" factors may include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel, and ineffective assistance of counsel—in the constitutional sense—on direct appeal. Murray v. Carrier, 477 U.S. 478, 488 (1986). If a petitioner fails to demonstrate cause, the Court need not consider whether there is actual prejudice. Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997).

Carson does not demonstrate cause, prejudice, or a fundamental miscarriage of justice. Ex parte Carson, No. 8,774-22, at 2-12. At most he makes an argument for cause by claiming that the state court unnecessarily delayed his application, but assuming arguendo that he makes a reasonable claim of cause, he still does not make any demonstration of prejudice. Even so, he has not alleged a cause that would excuse the procedural default, and a failure to address the claim would not result in a fundamental miscarriage of justice because Carson does not allege nor demonstrate that he is actually innocent. Murray, 477 U.S. at 495-496. Consequently, this claim should be dismissed with prejudice as procedurally barred.

III. Standard of Review

In the alternative to his claims being successive or procedurally barred, Carson

has also failed to allege or satisfy his required burden of proof under the AEDPA. The provisions of Section 2254(d) set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." Woodford v. Visciotti, 537 U.S. 19 (2002) (internal citation omitted). Here, Petitioner may not obtain federal habeas corpus relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (West 2006); see Riddle v. Cockrell, 288 F.3d 713, 716 (5th Cir. 2002) (quoting 28 U.S.C. § 2254(d)(1)-(2)). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). See Martin v. Cain, 246 F.3d 471, 475 (5th Cir. 2001). Under this standard, a federal habeas corpus court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001) (citing Cruz v. Miller, 255 F.3d 77, 86 (2d Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers."). Indeed, the AEDPA deferential standard of review applies even where the

state court fails to cite to applicable Supreme Court precedent or fails to explain its decision. Early v. Packer, 537 U.S. 3, 7 (2002); Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002); Schaetzle v. Cockrell, 343 F.3d 440, 443 (5th Cir. 2003).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Terry Williams v. Taylor, 529 U.S. 362, 413 (2000). A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." Id.  To be unreasonable, the state decision must be more than merely incorrect or erroneous. See Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Rather, the state court's application of clearly established law must be "objectively unreasonable." Id. Stated another way, a reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.' " Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001); see Montoya v. Johnson, 226 F.3d 399, 403-04 (5th Cir. 2000) (the standard for federal habeas relief is one of objective reasonableness.); see also Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (holding that a federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence").

Specifically, the AEDPA has "modified a federal habeas court's role in reviewing

state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002); see Williams, 529 U.S. at 404. A federal habeas court's inquiry into unreasonableness should be objective rather than subjective, and a court should not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Williams, 529 U.S. at 409-11; Tucker v. Johnson, 242 F.3d 617, 620-21 (5th Cir. 2001). Rather, federal habeas relief is only merited where the state court decision is both incorrect and objectively unreasonable. Williams, 529 U.S. at 411; Martin v. Cain, 246 F.3d 471, 476 (5th Cir. 2001). In other words, habeas relief is inappropriate when a state court, at a minimum, reaches a "satisfactory conclusion." Williams, 529 U.S. at 410-11 (citing Wright v. West, 505 U.S. 277, 287 (1992)).

Moreover, where the petitioner

> has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

13

offense.

28 U.S.C. § 2254(e)(2) (2006).

Thus, in the state courts, a petitioner "must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, Section 2254(e) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met." Williams v. Taylor, 529 U.S. 420, 437 (2000).

For the purposes of this petition, Carson has essentially regurgitated some of the claims he made in the State courts and has failed to demonstrate, much less allege, how the State court acted unreasonably under 28 U.S.C. § 2254(d) of the AEDPA. Thus, under the AEDPA standards, Carson has not made sufficient allegations to entitle him to federal habeas corpus relief on any of his claims.

III.   Carson's Claims Must Fail Because He Does Not Have a Liberty Interest In Parole.

Carson makes multiple claims as to why the denial of his parole was improper. Petition at 7.  However, his claims fail to raise a cognizable claim for habeas corpus relief because Carson is not eligible for mandatory supervision and he has no liberty interest in parole.

"Federal habeas relief cannot be granted unless the petitioner alleges that he 'has been deprived of some right secured to him by the United States Constitution or the laws of the United States.' " Teague v. Quarterman, 482 F.3d. 769, 773 (5th Cir.

2007) (citing Hillard v. Bd. of Pardons & Paroles, 759 F.2d 1190, 1192 (5th Cir. 1985)). Thus, in order for Carson to succeed on his claims, he needs to first establish that he has been deprived of a constitutionally-protected right.

There are two types of supervised release from prison in Texas: parole and mandatory supervision.  See Teague, 482 F.3d at 774  (explaining the difference between mandatory supervision and parole under Texas law). Although the improper denial of mandatory supervision would involve the denial of a constitutionally-protected right, Carson is not eligible for mandatory supervision. Id.; Exhibit A.  Since Carson is only eligible for parole, he has not been deprived of a constitutionally-protected right, as explained below.

States do not have a duty to establish a parole system, so there is no inherent constitutional right to parole before the expiration of a valid sentence.  See Board of Pardons v. Allen, 482 U.S. 369, 378 n.10 (1987) ("statutes or regulations that provide that a parole board 'may' release an inmate on parole do not give rise to a protected liberty interest."); Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979) (a statute which "provides no more than a mere hope that the benefit will be obtained . . . is not protected by due process").  Further, it is well-settled that "there is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State." Teague, 482 F.3d. at 774 (5th Cir. 2007) (citing Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) and Creel v. Keene, 928 F.2d. 707, 711-712 (5th Cir. 1991)).  Moreover, the Texas parole statutes

do not create a liberty interest in being reviewed for parole at a certain time interval. See Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (no due process or ex post facto violation due to change in frequency of parole reviews; the parole board can review a case at such intervals as it determines); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (stating that no liberty interest exists in obtaining parole in Texas; therefore, inmates cannot complain of constitutionality of procedural devices attendant to parole decisions).  Finally, in making decisions regarding parole eligibility, "the [Board] has the right to consider any evidence that existed at the time of sentencing . . . ." Page v. United States Parole Commission, 651 F.2d 1083, 1086 (5th Cir. 1981).

Therefore, Carson's claims fail to raise a constitutional issue, because he has no protected liberty interest in being released on parole and he is not eligible for mandatory supervision.  Accordingly, he is not entitled to habeas relief on his claims.

IV.   Carson's First Claim Is Not Cognizable on Federal Habeas Review.

In his first claim, Carson alleges that the state habeas court took too long to respond to his state application for habeas corpus, thereby frustrating his ability to exhaust him claims in state court. Petition at 7, 7A.  However, his claim fails "because infirmities in state habeas proceedings do not constitute grounds for relief in federal court." Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir. 1997); see Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("[a]n attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999); Duff-

16

Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992) (same); Millard v. Lynaugh, 810 F.2d 1403, 1410 (5th Cir. 1987) (same); Vail v. Procunier, 747 F.2d 277, 277 (5th Cir.1984) (denying petitioner a certificate of probable cause because "[i]nfirmities in state habeas corpus proceedings do not constitute grounds for federal habeas relief"). Consequently, this claim must be dismissed for failure to raise a cognizable federal habeas corpus claim.

V.  Carson's Racial Discrimination Claim Is Conclusory.

In Carson's third claim, he alleges that he has been repeatedly denied parole because of a "discriminatory custom, practice, [or] policy of using race as a criteria in determining release. Petition at 7, 7C. However, in the event his claims are not dismissed as successive, this claim should be denied because it is conclusory.

Although pro se habeas petitions must be construed liberally, 'mere' conclusory allegations on a critical issue are insufficient to raise a constitutional issue." Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (citing United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989)). In Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983), the court held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Id. at 1011; see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) (noting that a petition that presents "conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

17

In the instant case, Carson offers nothing but bald assertions to support his claim. He does not specify what "custom, practice, or policy" is discriminatory. At most he references "Board Rule-2-D," but it is unclear what rule he is referring to or what this rule has to do with racial discrimination. Petition at 7C. Because this claim involves nothing more than conclusory allegations unsupported by specifics, this claim should be dismissed as conclusory.

## CONCLUSION

For the foregoing reasons, the Director respectfully requests the Court dismiss Carson's petition for writ of habeas corpus, and sua sponte deny a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ERIC J. R. NICHOLS
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Postconviction Litigation Division

\*Lead Counsel

 s/   Nathan Tadema
NATHAN TADEMA\*
Assistant Attorney General
State Bar No. 24044285

P. O. Box 12548, Capitol Station
Austin, Texas  78711

(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

CERTIFICATE OF INTERESTED PERSONS

I, Nathan Tadema, do hereby certify, pursuant to Local Rule 3.1(f) of the Northern District of Texas that other than the Petitioner, Arthur W. Carson, and the Respondent, Nathaniel Quarterman, Director Texas Department of Criminal Justice, Correctional Institutions Division, counsel for Respondent is unaware of any person with a financial interest in the outcome of this case.

 s/   Nathan Tadema
NATHAN TADEMA
Assistant Attorney General

CERTIFICATE OF SERVICE

I, do hereby certify that a true and correct copy of the above and foregoing Respondent's pleading has been served by placing the same in the United States Mail, postage prepaid, on this the 24th day of April, 2008, addressed to:

Arthur W. Carson
TDCJ-CID No. 517349
Michael Unit
P.O. Box 4500
Tennessee Colony, TX 75886

 s/   Nathan Tadema
NATHAN TADEMA
Assistant Attorney General