ORIGINAL BY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS Division



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2008
CLERK, U.S. DISTRICT COURT
By _____
Deputy

Arthur Carson, §
  Petitioner, §
 §
VS. § Civ. Action # 3-08-CV-99-K
 §
Nathaniel Quarterman, §
  Respondent. §

## Petitioner's Response To Respondent's Answer

To The Honorable Judge of Said Court:

Comes now the Petitioner, Arthur Carson, in accordance with Rule 5(e), Rules Governing Habeas Corpus, moves this Court to conduct a evidentiary hearing, pursuant to the following reasons:

I. The State Court Has Systemically Frustrated The Exhaustion Process:

Petitioner, "Carson" filed his state application July 23, 2007. The State filed it's response August 7, 2007, the trial court waited 177 days from Carson's filing to issue an order of "no controverted unresolved issues February 1, 2008."

This untimely order was not made within 20 days of the expiration of time allowed for the State to reply, nor was a timely entry of order designating issues entered by the trial court.

(1)

Texas law rendered no authority to the trial court to extend the time limitation imposed by statue, other than by timely entry of an order designating issues to be resolved, see <u>McCree v. Hampton</u>, 824 S.W.2d. 578, 579 (Tex. Crim. 1992), <u>Martin v. Hamlin</u>, 25 S.W.3d. 718 (Tex. Crim. App. 2000).

Thus, the order finding no controverted previously unresolved factual issues and abuse of the writ-order were not made within the trial court's jurisdiction.

The state court could not extend the time imposed by statue, see Article <u>11.07, Sec. 3(b), Code Crim. Proc.</u> only after Carson's 2254 application filed, was the state court concerned about it's ministerial duties. For 177 days, Carson's 11.07 application languished without a timely order or refering the application to the Court of Criminal Appeals.

The conduct of the state court fell into one of the access to court denial categories established in <u>Christopher v. Harbury</u>, 122 S. Ct. 2179 (2002).

The state's remedy was theoretically available once Carson filed his federal application, but according to Texas law, his redress languished because state procedures were not complied with.

(2)

Just because a remedy may be theoretically available at some distant point in the future didnot require Carson to languish incarcerated untill state procedures are complied, See: <u>Carter V. Estelle</u>, 677 F.2d. 427, Re-hearing Denied, 691 F.2d. 777, Cert. Denied, 103 S.Ct. 1508, 460 U.S. 1056.

A Federal Court may grant Relief when a state court has misapplied a governing legal principle to a set of facts different from those of the case in which the principle was announced, <u>Lockyer V. Andrade</u>, 123 S.Ct. 1166 (2003).

The actions or inactions of the state court was detrimental to the development of the factui record, and requires a evidentiary hearing, See <u>Drake V. Portunodo</u> 321 F.3d. 338, 347 (2nd Cir. 2003), <u>McDonald V. Johnson</u>, 139 F.3d. 1056, 1059 (5th Cir. 1998).

"A Pattern and Practice of arbitrarily and deliberately disregarding prevailing legal standards and thereby causing expense and delay to litigants maybe misconduct," <u>In Re-Judicial Conduct and Disability</u>, 517 F.3d. 558, 562 (U.S. Judicial Conf. 2008).

(3)

It is Dallas Counties pattern and practices in interfering with the exhaustion process are "Cause and Prejudice" factors external to Carson and cannot be attributed to him.

It should be further noted, the Texas Court of Criminal Appeals have since ruled on Carson's State Application. Thus, all claims are exhausted.

The Respondent's Answer and Brief mischaracterizes Carson's claims as successive. However the factual basis for the new claim could not have been discovered prior to June 2007, through the exercise of due diligence, See Schlup v. Delo, 513 U.S. 298, 327 (1995). Carson's claims have not been presented in a previous Federal Habeas Petition, Calderon v. Thompson, 523 U.S. 538, 553-55 (1998). e.g., "Felder v. McVicar, 113 F.3d. 696, 698 (7th Cir. 1997).

Carson do not claim to have a liberty interest in parole. However the procedures used to determine parole must be fair or minimal due process, Faulder v. Tex.— Bd. of Pardons and Paroles, 178 F.3d. 343, 345 (5th Cir. 1999).

(4)

Carson can challenge Parole Procedures, See <u>Dotson v. Wilkinson</u> 329 F.3d. 463 (6th Cir 2003), 124 S.Ct. 1652, Cert. Granted, 125 S.Ct. 1242 (2005).

### Racial Discrimination Claim:

To Prevail on an Equal Protection Claim, Carson must Prove (1) That similarly situated inmates have been treated differently by Government, and (2) That there is no Rational Relation Between the Dissimilar Treatment and any legitimate Penal interest, <u>Johnson v. Rodriquez</u>, 110 F.3d. 299, 306- (5th Cir. 1997).

Carson claims are that as a African-American Prisoner, he is treated different for Parole Release than White Prisoners. Such a Policy, Custom or Practice discriminates, <u>Sockwell v. Phelps</u>, 20 F.3d. 187, 192 (5th Cir. 1994).

There has been no lack of diligence on Carson's part at the State level to Develop the Facts, Pursuant to <u>Williams v. Taylor</u>, 529 U.S. 420, 437 (2000), Also see, <u>McDonald v. Johnson</u>, 139 F.3d. 1056, 1059 (5th Cir. 1998), "since the state court procedurally barred Carson, he cannot be said to on his own, failed to develop the factual basis."

(5)

Absent a evidentiary hearing, a fundamental miscarriage of justice would occur, <u>Keeney v. Tamayo-Reyes</u>, 504 U.S. 1, (1992). It is certainly plausible that racial discrimination exist and not wholly incredible, <u>Denton v. Hernandez</u>, 112 S. Ct. 1728 (1992). Carson's claim of discrimination donot describe fantastic or delusional scenarios, which in turn means that "the facts alleged rise to the level of the irrational or the wholly incredible."

### Conclusion:

Because the state court has since ruled on Carson's claims, despite not having jurisdiction, Carson ask this court consider the "Stay and Abeyance" procedure announced in <u>Rhines v. Weber</u>, 124 S. Ct. 1528 (2005). Alternatively, conduct a hearing on his three claims.

April 28, 2008.

Respectfully submitted
*Arthur Carson*
Arthur Carson

## CERTIFICATE OF SERVICE:

I, ARTHUR CARSON, CERTIFY THAT A COPY OF THE FOREGOING RESPONSE TO RESPONDENT'S ANSWER IS HEREBY MAILED TO: NATHAN TADEMA, ASST. ATTORNEY GENERAL, THIS 29th, DAY OF APRIL, 2008, BY PLACING SAME ON THE PRISON MAILBOX.

I SWEAR THE FOREGOING STATEMENTS ARE TRUE AND CORRECT.

*Arthur Carson*
ARTHUR CARSON
TDCJ# 517349
P.O. Box 4500
Tenn. Colony, Tx. 75886

(7)

Art Carsen
57344-MI
Box 4500
Tenn. Colony, Tx. 75886

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
MAY - 5 2008

United States District Court
Northern District of Texas
1100 Commerce St.
Dallas, Tx. 75240


