**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ARTHUR W. CARSON,           ) | |
|    ID #517349                          ) | |
|       Petitioner,                    ) | |
| vs.                                           ) | No. 3:08-CV-0099-K (BH) |
|                                                 ) | ECF |
| NATHANIEL QUARTERMAN, Director,  ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal      ) | |
| Justice, Correctional Institutions Division,  ) | |
|       Respondent.                ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I.  BACKGROUND**

**A.  Factual and Procedural History**

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 to challenge the denial of parole for a July 6, 1989, conviction for attempted murder in Cause No. F88-84596-L.  Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On July 6, 1989, after pleading not guilty, petitioner was convicted of attempted murder and sentenced to twenty years confinement in Cause No. F88-84596-L1. (State Habeas Transcript[WR-8774-09]:12). His conviction and sentence were affirmed on direct appeal. *Carson v. State*, 05-89-00834-CR (Tex. App.–Dallas December 12, 1990).

On July 23, 2007, petitioner filed a state application for writ of habeas corpus alleging that he was wrongfully denied parole on June 1, 2007. (S.H.Tr.[WR-8774-22]:2-8).  The Court of Criminal Appeals dismissed petitioner's state application without written order on March 12, 2008. *Id*. at cover.

On January 22, 2008, petitioner filed a petition for federal habeas relief. Respondent filed an answer on April 24, 2008, (*see* Answer) and provided the state-court records. Petitioner filed a reply on May 5, 2008. (*see* Reply).

**B. Substantive Issues**

Petitioner asserts that: (1) the state habeas court has systematically frustrated the exhaustion process; (2) the Board of Pardons and Paroles denied petitioner a fair or meaningful parole review by giving petitioner a "serve all" finding without a personal interview; and (3) his parole was denied in a racially discriminatory manner. (Pet. at 7).

Respondent contends that petitioner has failed to exhaust his claims at the state level and that these claims are procedurally barred. Respondent further contends that petitioner's habeas petition is a successive petition which should be dismissed by this Court because petitioner did not first obtain authorization from the Fifth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3).[1]

## II. MOOTNESS DOCTRINE

Before this Court may address petitioner's claims, as well as respondent's procedural arguments, it must determine whether it has jurisdiction to rule on this case. Under § 2254, a person must be in custody when a petition is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (*per curiam*). Petitioner was clearly in custody when he filed his habeas petition in January of 2008. However, as an exhibit to its answer, respondent included a TDCJ inquiry statement for petitioner, dated January 25, 2008, which indicates that petitioner's twenty-year sentence began on December 28, 1988, and was to be discharged on December 28, 2008. (*See* Response, Ex. A). The state court records in this case reflect that petitioner has filed numerous state writs with regard to this

---

[1] Petitioner filed a federal petition in November of 2006 challenging a prior parole denial. The parole denial he complains of in this case occurred in June of 2007, after the previous petition was filed.

conviction. A state habeas transcript for a previous writ application, filed by petitioner in 2002, contains an affidavit from the assistant director of the review and release processing section of the parole division of the TDCJ. This affidavit also states that TDCJ calculated the beginning date of petitioner's sentence as December 28, 1988, and a discharge date of December 28, 2008. (S.H.Tr.[WR-8,774-19]:26-27). Petitioner states he was told that he would have to serve all of his sentence when he was denied parole in 2007; the respondent includes the notes from the Board of Pardons and Paroles reflecting its May 31, 2007 recommendation that petitioner serve all of his sentence. (Pet. at 7; Response, Ex. B).[2]  Petitioner is no longer listed in the on-line database for the TDCJ, and TDCJ has advised that petitioner's sentence was discharged and he was released from custody in December of 2008.

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court addressed whether a habeas petition filed by an inmate who was subsequently released pursuant to a discharged or expired sentence was moot. In that case, before the federal court ruled on the petition contesting a motion to revoke his parole, Spencer was re-released from prison on parole, and his sentence expired two months later. *Id*. at 6. The Supreme Court ruled that the petition was moot because there was no longer a case or controversy under Article III, § 2 of the Constitution after his release. In particular, the Supreme Court held that Spencer had not pointed to some concrete and continuing injury that continued to exist that constituted a "collateral consequence" of the conviction. *Id*. at 7-8. The Supreme Court recognized that a wrongful criminal conviction is presumed to have continuing collateral consequences, but held that collateral consequences are not presumed with a parole

---

[2] On September 9, 2008, this Court received a letter from petitioner in which he stated that his address had changed, and he listed a new TDCJ address. (*See* 9/9/2008 letter). This Court has received no further correspondence from petitioner listing any other address change or stating that he is no longer in custody.

revocation. *Id*. at 14-17.  Finally, the Supreme Court also held that Spencer had failed to establish that his case fell within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review" because he had not shown both that the challenged action was so short in duration that it could not be fully litigated prior to its expiration *and* that there was a reasonable expectation that Spencer would be subject to the same action again. *Id*. at 17, *citing Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983).

As in *Spencer*, petitioner does not attack the validity of his underlying conviction in this federal petition, but rather, the denial of parole at his last hearing.  His petition is moot because he is no longer incarcerated, and his twenty-year sentence has been discharged.  *See United States v. Clark*, 193 F.3d 845, 847-48 (5th Cir. 1999) (holding that Clark's direct appeal was moot because Clark appealed the extended supervised release he was sentenced to and, during the time his appeal was pending, the supervised release about which he complained ended).  Mootness deprives a court of its power to act because there is nothing to remedy, even if the court were inclined to grant relief, because the federal courts are "not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer,* 523 U.S. at 18.[3]  There appears to be no collateral consequence to petitioner being denied parole since his sentence has now been discharged.  There is no evidence that petitioner's case is one that is capable of repetition, yet evading review, because there is no reasonable expectation that petitioner will be subject to parole denial again. Because petitioner's petition for writ of habeas corpus is moot, this Court therefore lacks the power to act, and his petition should be dismissed.

---

[3] The Supreme Court rejected Spencer's contention that his case should still be considered by the court even if moot because his situation was caused by dilatory tactics of the state attorney's general's office and the delay of the federal district court. *Id*.

4

## IV. RECOMMENDATION

The Court should **DISMISS** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED on this 20th day of May, 2009.**

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**